IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ROBERT BUTH                                                PLAINTIFF

V.                                NO. 13-5005

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration       DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Robert Buth, brings this action pursuant to 42 U.S.C. § 406(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 406(g).

I.     **Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on April 14, 2010, alleging an inability to work since January 29, 2010, due to Type I diabetes, osteoarthritis of the right hand, right shoulder and right knee, inguinal double hernia, herniated discs, panic disorder, depression, carpal tunnel, and "Noemail." (Tr. 73-75, 97, 102). An administrative hearing was held on February 8, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 371-413).

---

[1] Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

By written decision dated February 23, 2012, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - osteoarthritis, insulin dependent diabetes mellitus, chronic pancreatitis status post acute pancreatitis, a moderate to severe major depressive disorder, and a personality disorder. (Tr. 15). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 15). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant is able to occasionally climb, balance, stoop, kneel, crouch and crawl. Non-exertionally, the claimant is limited to simple, routine and repetitive tasks, involving only simple, work-related decisions, with few, if any, workplace changes and no more than incidental contact with co-workers, supervisors and the general public.

(Tr. 17). With the help of a vocational expert, the ALJ determined Plaintiff was unable to perform any past relevant work, but that there were other jobs Plaintiff could perform, such as compression molding machine tender, leather riveting machine operator, bindery machine feeder and offbearer, bottling line attendant, conveyor line bakery worker and toy assembler. (Tr. 22).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on December 12, 2010 (Tr. 5-7). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are

presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for

at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III.   Discussion:

What causes the Court concern is the fact that Dr. Robert R. Gullett, an orthopedist who examined Plaintiff on July 12, 2011, recommended that Plaintiff use a cane to walk and that he should continue to walk. (Tr. 343). However, in his RFC Assessment, the ALJ did not include the use of a cane in his hypothetical question to the VE. The Court recognizes that Plaintiff testified that he could walk without the cane, but he also testified that it was used mainly "after I've gone a little ways and I start needing to supplement, push –." (Tr. 389).

In his RFC Assessment, the ALJ found Plaintiff capable of performing light work with certain postural limitations. A job is within the light work category if it "requires a good deal of walking or standing - the primary difference between sedentary and most light jobs." SSR 83-10, 1983 WL 31251 at *5. The Court also notes that at the hearing, Plaintiff's attorney asked the VE

if the use of a cane would significantly erode or impair his ability to perform light work at any skill level, to which the VE replied: "If an individual had to use a cane in order to stand or to move around short distances, it would preclude the work that I mentioned, which is going to require an individual to grasp, hold, and turn objects, stack objects, remove them from machinery." (Tr. 411).

Accordingly, based upon the foregoing, the Court believes it is necessary for this matter to be remanded to the ALJ in order for him to obtain a Physical RFC Assessment from Dr. Gullett, or, if not possible, from an examining physician, and the ALJ is directed to specifically ask Dr. Gullett or the examining physician whether Plaintiff's use of a cane would be necessary to walk all of the time or only after walking for a certain period of time. Once received, the ALJ should reconsider the RFC Assessment and present a hypothetical question to the VE which includes the impairments which the ALJ accepted as true and which were supported by the record as a whole.  See Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005).

### IV.    Conclusion:

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

ORDERED this 7th day of February, 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE